Ray NIEDERMEIER and Planters and Stockman Bank *v.*
CENTRAL PRODUCTION CREDIT ASSOCIATION

89-100                                        777 S.W.2d 210

Supreme Court of Arkansas
Opinion delivered October 2, 1989

*Murrey L. Grider*, for appellant.

*Barrett, Wheatley, Smith & Deacon*, for appellee.

STEELE HAYS, Justice. This case involves the interpretation of Ark. Code Ann. § 4-9-312 (1987). The issue is a priority dispute between the secured creditors of appellant Ray Niedermeier. The appellee, Central Production Credit Association (CPCA), contends it has priority to Niedermeier's 1986 rice crop proceeds under Ark. Code Ann. § 4-9-312(5) (1987) and the appellant, Planters & Stockman Bank (PSB), contends it has priority under Ark. Code Ann. § 4-9-312(2) (1987).

Ray Niedermeier and his wife borrowed $51,800 from the White River Production Credit Association, the predecessor to appellee, CPCA, on March 21, 1984. CPCA obtained an ongoing security interest in all of the Niedermeiers' crops "which are now or will during the term of the security agreement become growing." CPCA perfected its security interest on April 19, 1984, by filing a financing statement.

On July 8, 1985, Ray Niedermeier borrowed $10,000 from PSB. To secure this loan, PSB maintained a security interest in Niedermeier's 1985 rice and milo crop. At the end of 1985, PSB extended the 1985 crop loan in exchange for a security interest in Niedermeier's 1986 crops instead of requiring him to pay off his 1985 loan. PSB perfected its security interest in Niedermeier's 1986 crops on September 4, 1986, by filing a financing statement.

On appeal, the issue is whether PSB's extension of Niedermeier's 1985 crop loan constituted "new value" as defined by Ark. Code Ann. § 4-9-312(2) (1987) so as to give PSB priority over the security interest of CPCA to the 1986 rice crop proceeds. The trial court held that PSB did not give "new value" for its 1986 security interest, and therefore CPCA maintains priority over PSB under Ark. Code Ann. § 4-9-312(5) (1987). We agree.

Ark. Code Ann. § 4-9-312(5) (1987) embodies the general rule of priority between perfected security interests by providing that priority between conflicting security interests in the same collateral shall be determined according to the time of filing. In other words, the first in time, first in right rule prevails.

> In all cases not governed by other rules in this section (including cases of purchase money security interests which do not qualify for the special priorities set forth in subsections (3) and (4) of this section), priority between conflicting security interests in the same collateral shall be determined according to the following rules: (a) Conflicting security interests rank according to priority in time of filing or perfection. Priority dates from the time a filing is first made covering the collateral or the time the security interest is first perfected, whichever is earlier, provided that there is no period thereafter when there is neither filing nor perfection.

CPCA contends that it has priority under Ark. Code Ann. § 4-9-312(5) (1987) in that its security interest was perfected on April 19, 1984, and the appellant, PSB, perfected their interest in the 1986 crop on September 4, 1986. However, PSB argues that Ark. Code Ann. § 4-9-312(2) (1987) provides an exception for the general priority rule and that the special provisions of that section allow PSB to obtain priority over CPCA in the proceeds of the 1986 crop. Ark. Code Ann. § 4-9-312(2) (1987) reads in pertinent part:

> A perfected security interest in crops for new value given to enable the debtor to produce the crops during the production season and given not more than three (3) months before the crops become growing crops by planting or otherwise takes priority over an earlier perfected security interest to the extent that such earlier interest secures obligations due more than six (6) months before the crops become growing crops by planting or otherwise, even though the person giving new value had knowledge of the earlier security interest.

Ark. Code Ann. § 4-9-312(2) (1987) is an accommodation to the special needs of the farming community. It gives priority to the so-called "seed money lender" who lends money to a farmer to enable him to plant his crop. T. Quinn, *Uniform Commercial Code Commentary and Law Digest*, (1978). To qualify for the Ark. Code Ann. § 4-9-312(2) (1987) priority the seed money lender must (a) give "new value," (b) within three months of planting, (c) to enable the farmer to produce the crop and (d) the

obligations to the earlier secured party must have been due more than six months before the crops were planted.

Here, Niedermeier executed a promissory note to PSB for $10,000 on July 8, 1985, and a security interest on that note was perfected on July 9, 1985. At the time of the execution of the note, Niedermeier's earlier debt to CPCA was more than six months overdue as the note was payable in full on January 5, 1985. On the record presently before the court, we are unable to determine when Niedermeier planted the 1986 crops. Obviously the time element is crucial to the application of the statute, Ark. Code Ann. § 4-9-312 (1987), but we will assume that since the only issue presented by the appeal focuses on the "new value" requirement, the other statutory requirements were satisfied.

The term "new value" is used in several sections of the uniform commercial code, but left without statutory definition. The appellant defines the term "new value" by relying on the statutory definition for "value" found in Ark. Code Ann. § 4-1-201(44) (1987). Yet, official commentary number 2 to Ark. Code Ann. §§ 4-9-107 and -108 (1987) indicates that the terms "value" and "new value" are not synonymous.

■■ We find very little case law interpreting Ark. Code Ann. § 4-9-312(2) (1987). However, other code provisions shed some light on the meaning of "new value." Ark. Code Ann. § 4-9-108 (1987) gives examples of what is meant by "new value;" new value arises where a secured party (1) makes an advance, (2) incurs an obligation, or (3) releases a perfected security interest. Furthermore, official comment 2 to § 4-9-108 refers to "purchase money security interest," defined in Ark. Code Ann. § 4-9-107 (1987) as indicating the nature of the new value concept. The purchase money party must be one who gives value by making advances or incurring an obligation, *excluding* from the purchase money category any security interest taken as *security or satisfaction for a preexisting claim or antecedent debt. See*, official comment 2 to Ark. Code Ann. § 4-9-107 (1987).

■ Here, PSB loaned Niedermeier money to produce his 1985 crop. However, no new money was advanced by PSB for production of the 1986 rice crop, nor did PSB incur an obligation, or release a perfected security interest. PSB contends that by extending the 1985 crop loan it indirectly advanced money

towards the 1986 rice crop. Yet, PSB, by extending the 1985 loan and taking an interest in the 1986 rice crop, simply obtained security to secure the antecedent debt. The nature of the "new value" concept as defined in various code sections, coupled with the policy behind Ark. Code Ann. § 4-9-312(2) (1987) in giving priority to the seed money lender who lends money to the farmer to enable him to plant his crop, requires a finding that PSB failed to advance "new value" to Niedermeier.

AFFIRMED.