Shirley CHLANDA *v.* Lewie KILLEBREW

96-862                                        934 S.W.2d 227

Supreme Court of Arkansas
Opinion delivered December 9, 1996

*Eichenbaum, Scott, Miller, Liles & Heister, P.A.*, by: *Peter B. Heister* and *Ledbetter & Associates. Ltd.*, by: *Thomas D. Ledbetter*, for appellant.

*Davis & Goldie*, by: *James D. Goldie*, for appellee.

TOM GLAZE, Justice. Appellant Shirley Chlanda visited her sister, Evelyn Fuller, in the hospital, and during that visit, Shirley claims her sister gave her some jewelry with an estimated value of $50,400.00. Per Evelyn's instructions, Shirley located the jewelry in Evelyn's and her husband's, Milford Fuller's, home, and took possession of it. Shirley kept the jewelry in her luggage while she stayed at

the Fuller home during Evelyn's sickness. During Shirley's stay, Evelyn died. Afterwards, Shirley gave Milford temporary possession of the jewelry, but Milford also died less than two months later before Shirley was able to obtain the return of the jewelry.

Appellee Lewie Killebrew was named co-administrator of Milford's estate, and Shirley demanded the return of the jewelry. Killebrew denied he had possession of it, and Shirley subsequently filed this conversion litigation, alleging Evelyn had given her jewelry to Shirley, and Killebrew was wrongly retaining it. Killebrew answered, maintaining he had never possessed the jewelry. In fact, he asserted the so-called missing jewelry had been found hidden in Milford's bedroom, and because he had no access to Milford's bedroom, the discovery of the jewelry in the Fuller home proved he had never possessed it. Killebrew moved for summary judgment, alleging no genuine, material fact was in issue. The trial court granted the motion, but we hold the trial court erred.

Killebrew's summary judgment motion was supported by three affidavits, his, Ron Kersch's and Ron Campbell's. In his affidavit, Killebrew averred that he at no time possessed the jewelry sought by Shirley, nor did he have the key to obtain the jewelry from the Fuller house after Milford died. Killebrew said that, immediately after Milford died, he gave his only key to the house to Ron Campbell, the trust officer of Milford's estate. Killebrew further asserted he was never again alone in Milford's house. However, he said he was in the Fuller house when Ron Kersch, an auctioneer, was inventorying it and found a box of jewelry located in Milford's bedroom. Upon opening the box, Killebrew said the jewelry "appeared" to contain the jewelry described by Shirley in her lawsuit. Killebrew stated that he had this newly discovered jewelry appraised, but the jewelry items were not sold. Instead, the jewelry is presently being held by Campbell. Kersch's and Campbell's affidavits generally support Killebrew's averments. Kersch related that both Killebrew and Campbell were present when Kersch found the box of jewelry, and they recognized it as being the "same type" claimed by Shirley. In his affidavit, Campbell recognized the jewelry "as being similar" to the "same (sic) jewelry" described in Shirley's lawsuit. A list of the discovered jewelry items was also attached to Killebrew's motion. Killebrew argues the foregoing is proof that he never possessed the jewelry Shirley claims and that the jewelry found by Kersch when inventorying Milford's house is that claimed

by Shirley.

Contrary to Killebrew's claims, we find the record reveals proof submitted by Shirley that, at least, raises an issue of material fact concerning (1) whether Killebrew ever took possession of Shirley's jewelry, and (2) whether the jewelry found by Kersch is the same jewelry that Shirley is claiming. We first consider Killebrew's claim that he had never seen any of Evelyn's jewelry claimed by Shirley or possessed any of it. Besides her complaint and own affidavit describing the jewelry given to her by Evelyn, Shirley submitted with her response to Killebrew's summary judgment motion the affidavits of Jeffrey Harper and Delbert Chappelle, former employees of Milford's. Harper attested that, after Milford died, he heard Killebrew tell Chappelle that he, Killebrew, had the jewelry and "Evelyn's bitch sister isn't going to get any of it." Harper further averred Milford had previously instructed Harper and other employees that they "were to do everything they could to make sure" Shirley got the jewelry. Harper asserted Killebrew disclosed to Harper that he had all of Evelyn's things he wanted, and Killebrew had gone through the safety deposit boxes and the office safe. Chappelle's affidavit, too, related that Killebrew said that he had Evelyn's "good jewelry" and "Evelyn's bitch sister isn't going to get any of it."

Shirley's affidavits by Harper and Chappelle suggest Killebrew had previously possessed Evelyn's jewelry and intended to keep Shirley from getting it. Clearly, Shirley's affidavits conflict with Killebrew's proof, and when such conflicts exist and summary judgment is sought, all evidence presented in support of the motion must be viewed in the light most favorable to the nonmoving party. *Car Transp.* v. *Garden Spot Distrib.*, 305 Ark. 82, 805 S.W.2d 632 (1991). Here, Shirley's affidavits can be fairly read to dispute Killebrew's factual claim that he had never seen or possessed any of Evelyn's jewelry now sought by Shirley.

Finally, while Killebrew maintains the jewelry found in the Fuller house is the same jewelry as that sought by Shirley and therefore resolves any conversion claim she now asserts, we must disagree for two reasons. First, we have made an attempt to compare the jewelry items described in Shirley's complaint to those items listed and described as having been found in the Fuller house, and we conclude it is impossible to determine whether these items could be the same. In fact, the descriptions of the items listed by

each party vary so much in detail that they defy comparison. We would point out, too, that Shirley's list of jewelry included an expensive diamond pyramid ring, and while Killebrew remembered Evelyn having such a ring, that ring is not mentioned in the list of jewelry items found by Kersch.

Because our review reveals that disputed factual issues remain unanswered, we hold the trial court erred in granting Killebrew's motion for summary judgment. Therefore, we reverse and remand for further proceedings.