Shirley A. CHLANDA and Thomas D. Ledbetter *v.* Lewis KILLEBREW

96-1382                                              945 S.W.2d 940

Supreme Court of Arkansas
Opinion delivered June 9, 1997

*Eichenbaum, Scott, Miller, Liles & Heister, P.A.*, by: *Peter B. Heister* and *Ledbetter & Associates, Ltd.*, by: *Thomas D. Ledbetter*, for appellants.

*Davis & Goldie*, by: *James Goldie*, for appellee.

RAY THORNTON, Justice. This is an appeal from the trial court's order awarding attorneys' fees pursuant to Ark. Code Ann. § 16-22-309 (Repl. 1994) and Ark. R. Civ. P. 11. Appellant Shirley Chlanda and her attorney, appellant Thomas D. Ledbetter, were ordered to pay the amounts of $ 5,000.00 and $ 7,663.93 respectively as partial payment of Lewis Killebrew's attorney's fees expended by Mr. Killebrew in defending an action for conversion. Both appellants argue on appeal that the trial court erred in finding that they filed a lawsuit that was not well grounded in fact and could not be supported by a good-faith argument for the extension, modification, or reversal of existing law. Their argument is well taken, and we reverse and remand.

The facts of the underlying case are set out in full in *Chlanda v. Killebrew*, 326 Ark. 791, 934 S.W.2d 227 (1996). Those facts necessary to understand the instant case are as follows. Mr. Killebrew was appointed coadministrator of the estate of Milford Fuller, who was Mrs. Chlanda's brother-in-law. After Mr. Fuller's death, Mrs. Chlanda claimed that Mr. Killebrew was holding some jewelry, which had been given to her by her sister, Evelyn Fuller, who had predeceased Mr. Fuller by less than two months. Mr. Killebrew maintained that he did not have the jewelry. The

trial court granted summary judgment, and we reversed, holding that there were disputed factual issues to be resolved. It was during the pendency of this appeal that Mr. Killebrew petitioned the trial court for sanctions.

To obtain an attorney's fee pursuant to Ark. Code Ann. § 16-22-309(a)(1), the prevailing party must show that there was "a complete absence of a justiciable issue of either law or fact raised by the losing party or his attorney . . . ." *Id.* To obtain an attorney's fee pursuant to Ark. R. Civ. P. 11, it must be shown that an attorney or party signed a pleading not grounded in fact, not warranted by existing law, or good-faith argument for a change in the law, or filed for an improper purpose. Ark. R. Civ. P. 11; *Cowan v. Schmidle*, 312 Ark. 256, 848 S.W.2d 421 (1993).

We determined in *Chlanda I* that disputed factual issues remained unanswered. *Chlanda v. Killebrew*, 326 Ark. at 794, 934 S.W.2d at 228. Therefore, it cannot be said that appellants were pursuing a claim that was not grounded in fact. Such violations under the statute and the rule are established only when it is patently clear that a claim has no chance of success.
*See Jones v. Jones*, 320 Ark. 449, 898 S.W.2d 23 (1995).

It is apparent from the record that the trial court based its assessment of damages against Mr. Ledbetter in part on the numerous discovery violations that he committed; however, we do not reach the issue of whether sanctions for discovery violations would be appropriate. We note that the federal rule specifically states that Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions that are subject to provisions of Rules 26 through 37." Fed. R. Civ. P. 11(d).

In summary, because an essential element for sanctions under Rule 11 or Ark. Code Ann. § 16-22-309 is a determination that appellants were pursuing a claim that was not reasonably based in fact or law, and because that issue was resolved by our decision in *Chlanda I*, the award of attorney's fees must be reversed and remanded.

Reversed and remanded.

GLAZE, J., concurs.

TOM GLAZE, J., concurring. I concur but do not join the majority's analysis concerning the discovery violations or application of Fed. R. Civ. P. 11(d).