Alfred SHELNUTT  *v.*  Melba LAIRD
and Max Laird

04-01                                           199 S.W.3d 65

Supreme Court of Arkansas
Opinion delivered December 2, 2004

*Baxter, Jensen, Young & Houston,* by: *Ray Baxter,* for appellant.

*Richard F. Hatfield,* for appellee.

R AY THORNTON, Justice. On June 23, 1995, Don and Dixie McMann executed reciprocal wills. The wills provided that upon the death of one of them, their estate would pass to the surviving spouse, until their death, and the residue would pass to Sandra and Alfred Shelnutt. Sandra Shelnutt was Dixie McMann's daughter. Appellant, Alfred Shelnutt, is Sandra Shelnutt's husband. The McManns's wills also appointed Sandra Shelnutt as executrix. Mr. McMann's will contained the following language:

I declare that this will is executed contemporaneously with a will of similar testamentary plan executed by my said wife, Dixie Mc-Mann, and I declare that my said wife and I have agreed that we shall not alter, amend or change our wills or do any act or suffer any omission which will have the effect of defeating the testamentary plan stated in our wills, except by mutual agreement at the time when both of us are alive.

On February 3, 1998, Dixie McMann died. Thereafter, Don McMann moved in with his sister, appellee, Melba Laird. On July 14, 1998, Mr. McMann executed a new will in which he named Melba Laird as his sole heir and executrix. Additionally, following Mrs. McMann's death, certain assets were transferred out of Don McMann's name and into living trust accounts for Melba and Max Laird.

On June 5, 1999, Mr. McMann died. His first will was admitted to probate and Sandra Shelnutt was appointed the execu-trix of Mr. McMann's estate. On November 8, 1999, Mrs. Laird contested the will and attempted to have Mr. McMann's second will probated. She argued that Mr. McMann's second will from 1999 should have been admitted to probate rather than the first will from 1995. This matter was appealed to the court of appeals, and in an unpublished opinion, the court of appeals reversed the trial court's order and remanded the case on the ground that the probate court lacked subject-matter jurisdiction to enforce the contract to execute reciprocal wills. See Laird v. Shelnutt, CA 00-1226 (Ark. App. Sept. 5, 2001).

Sandra Shelnutt, as executrix of Mr. McMann's estate, filed a separate action against Melba and Max Laird. In that case, Mrs. Shelnutt requested that the chancery court impose a constructive trust on funds that the Lairds had appropriated from Mr. Mc-Mann's estate.

In November of 1999, Mrs. Shelnutt hired an attorney to represent her and Mr. McMann's estate. She agreed to pay the attorney fifty percent of whatever was recovered for Mr. Mc-Mann's estate.

On January 12, 2001, the Saline County Chancery Court entered an order in which it concluded that the Lairds held a constructive trust in the amount of $738,000. The trial court's findings were appealed to our court of appeals. See Laird v. Shelnutt, 75 Ark. App. 193, 55 S.W.3d 795 (2001). The court of appeals

affirmed the trial court and the matter was then reviewed by our court. We also affirmed the trial court's finding that $738,000 was held in a constructive trust. *See Laird v. Shelnutt*, 348 Ark. 632, 74 S.W.3d 206 (2002).

On January 29, 2003, Mrs. Shelnutt, acting individually and as executrix of the estate of Don McMann, entered into an agreement with the Lairds in which she released the Lairds from all claims and damages in exchange for $180,000.

On April 1, 2003, Alfred Shelnutt filed a complaint in the Saline County Circuit Court. In his complaint, Mr. Shelnutt argued that Melba and Max Laird intentionally interfered with the contractual relationship between Don and Dixie McMann.[1] He further claimed that he was a third-party beneficiary to that contract. Mr. Shelnutt argued that if the Lairds had not interfered in the McManns's contract, Don McMann's estate would not have been forced to pay legal fees to protect the assets of the estate and Mr. Shelnutt's portion of Mr. McMann's estate would have been larger. Mr. Shelnutt requested that the circuit court require the Lairds to pay him $413,240.24. This amount represented the attorney's fees and costs paid by Mr. McMann's estate.

On April 21, 2003 the Lairds filed a motion to dismiss Mr. Shelnutt's complaint. The Lairds argued that the complaint should be dismissed for several reasons. Specifically, the Lairds argued: (1) that Mr. Shelnutt was not the real party in interest pursuant to Rule 17 of the Arkansas Rules of Civil Procedure; (2) that the statute of limitations for Mr. Shelnutt's cause of action had expired; (3) that Mr. Shelnutt's complaint failed to allege the necessary facts to establish a cause of action for tortious interference with a contract; (4) that the complaint sought attorney's fees without stating a statutory basis for the fees; and (5) that Mr. Shelnutt's complaint alleged a cause of action based upon tortious interference with an expected inheritance, which is a cause of action not recognized in Arkansas.

On September 5, 2003, a hearing was held on the Lairds's motion to dismiss. Thereafter, on October 7, 2003, the trial court entered an order granting the Lairds's motion. It is from this order that Mr. Shelnutt appeals. He raises five points for our consideration, and we affirm the trial court.

---

[1] We note that during the pendency of this case Mr. Laird has passed away.

▮ Appellant is appealing from an order dismissing his complaint. We have outlined our standard of review of motions to dismiss on numerous occasions. In reviewing the trial court's decision on a motion to dismiss we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Cotten v. Fooks*, 346 Ark. 130, 55 S.W.3d 290 (2001). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Clayborn v. Bankers Standard Insurance Co.*, 348 Ark. 557, 75 S.W.3d 174 (2002).

Mr. Shelnutt argues that the trial court erred when it granted the Lairds's motion to dismiss. In their motion to dismiss, the Lairds raised five separate grounds upon which the trial court could have dismissed Mr. Shelnutt's complaint. The trial court's order does not expressly state upon which ground the motion was granted. Thus, Mr. Shelnutt is challenging all grounds asserted in the Lairds's motion. After reviewing the case, we have concluded that there was a valid ground upon which to grant the Lairds's motion to dismiss. We will discuss this issue first.

In their motion to dismiss, the Lairds asserted that the three-year statute of limitations applicable to tort actions, codified at Ark. Code Ann. § 16-56-105 (1987), applied to Mr. Shelnutt's complaint. The Lairds further contended that the actions that provide the basis for Mr. Shelnutt's complaint occurred before November 9, 1999. Finally, the Lairds argued that Mr. Shelnutt's complaint, which was filed on April 1, 2003, was barred by the statue of limitations and should have been dismissed. The Lairds's argument is well taken.

▮ The three-year statute of limitations codified at Ark. Code Ann. § 16-56-105 is applicable to the case now before us. We have held that a cause of action accrues the moment the right to commence an action comes into existence, and the statute of limitations commences to run from that time. *Courtney v. First Nat'l Bank*, 300 Ark. 498, 780 S.W.2d 536 (1989). We have also noted that the statute of limitations begins to run when there is a complete and present cause of action. *Id.*

▮ In the case now before us, Mr. Shelnutt filed a complaint alleging a cause of action against Melba and Max Laird for tortious interference with the contractual relationship between

Don and Dixie McMann. To establish such a claim, a party must prove the following elements: (1) the existence of a valid contractual relationship; (2) knowledge of the relationship on the part of the interfering party; (3) intentional interference inducing or causing a breach or termination of the relationship; (4) resultant damage to the party whose relationship has been disrupted; and (5) that the conduct of the defendant was "improper." *Faulkner v. Arkansas Children's Hosp.*, 347 Ark. 941, 69 S.W.3d 393 (2002).

The actions that Mr. Shelnutt alleges constituted interference with the contractual relationship between the McManns are as follows: (1) Mrs. Laird contacted an attorney for Mr. McMann and a new will was drafted in which Mr. McMann's estate was left to Mrs. Laird rather than the Shellnuts; (2) certain assets were transferred out of Mr. McMann's name and into living trust accounts maintained by Melba and Max Laird; and (3) Mrs. Laird contested Mr. McMann's first will in which the estate was left to the Shellnuts, and attempted to have Mr. McMann's second will probated.

■ After reviewing Mr. Shelnutt's complaint, we note that the foregoing actions were complete on November 8, 1999. According to the complaint, the new will was prepared and the assets were transferred prior to Mr. McMann's death. Mr. McMann died on June 5, 1999. The Shelnutts became aware of the transferring of assets after Mr. McMann's death.[2] On November 8, 1999, Mrs. Laird filed a will-contest action and sought to have Mr. McMann's second will probated. It is established that Mr. Shelnutt's cause of action accrued no later than November 8, 1999. Therefore, this is the date upon which the statute of limitations began to run. Mr. Shelnutt had until November 8, 2002, to file his complaint against the Lairds. Mr. Shelnutt filed his complaint on April 1, 2003, which was more than three years after his cause of action accrued. Accordingly, we conclude that the trial court properly dismissed Mr. Shelnutt's complaint.

■ We note that Mr. Shelnutt argues that his cause of action was of a "continuing nature" and that the statute of limitations did not begin to run until January 30, 2003. Mr.

---

[2] Although Mr. Shelnutt's complaint does not state the exact date upon which the Shellnuts learned of the transferred property, at the hearing on the motion to dismiss, the parties agreed that a complaint seeking the return of the assets was filed in 1999.

Shelnutt has not provided us with authority to establish that the tort of intentional interference with a contractual relationship is a continuing tort. Therefore, we decline to consider this argument. *See Gwin v. Daniels*, 357 Ark. 623, 184 S.W.3d 28 (2004) (holding that we will not consider an argument raised on appeal where the appellant has failed to cite authority).

■ Additionally, we note that Mr. Shelnutt argues that he could not determine the amount of damages for his cause of action until 2003 when the funds for the McMann estate were retrieved from the Lairds and the attorney was paid for assisting in the retrieval of these funds. Mr. Shelnutt's contention is misplaced. Mr. Shelnutt's damages could have been calculated on the day that Mrs. Laird attempted to probate Mr. McMann's second will.

Having concluded that the trial court properly dismissed Mr. Shelnutt's complaint, it is not necessary for us to review the remaining points on appeal because they involve alternative grounds upon which the trial court might have granted the Lairds' motion to dismiss.

Affirmed.